By the Court.
The objection made goes rather to the operation of the evidence offered, than to its admissibility. The great rule of evidence is, that none shall be admitted, which supposes superior evidence behind in the power of the party. Gilb. Law Evid. 16. Bull. 289. If an instrument be lost, after proving that it did once exist, it may be proved by a copy, or if there be none such, by witnesses viva voce. 2 Equ. Cas. Ab. 409, 410. The law for necessity admits that, which of all things it most abhors, parol evidence of deeds. Even the copies of records which have been lost, may be given in evidence, though not proved to be true copies. It is admitted, that all the official papers of col. Armstrong were burned in 1763, and this order must be presumed to have been amongst them. The land office has been searched, and nothing remains in the plaintiff’s power except the parol evidence offered, which ought to be received, and its operation weighed dispassionately.
In the course of the argument, Mr. Walker for the defendant insisted, that the order to survey the 4000 acres being indescriptive, the legal right did not vest until the return survey; and it had been so determined at Sunbury in Funston’s lessee v M‘Mahon, October 1797.
Explained and distinguished in 3 Binn. 181.
Cited in 43 Pa. 203 to show that it never has been held that the holder of an in-descriptive warrant acquires any interest in land, even by relation, until his warrant has been located by a survey. Until then, such warrants give no title to land whatever.
Messrs. Duncan and Watts, pro quer.
Messrs. Hamilton and Walker, pro def.
Yeates, J.
That case is perfectly familiar to me. The applications on both sides designated other lands, than those in dispute. The members of the court disagreed in opinion. M'Kean, Chief Justice, held, that until the warrant of acceptance issued no right vested in the party on a shifted application. I thought, that the return of survey was prima facie evidence of its acceptance, and I still adhere to that opinion. But it has always been understood, that on an indescriptive location, wanting precision in its terms, the interest vests from the time of survey.
Smith, J.
Such has been the invariable rule on vague warrants or applications. On shifted locations, the title does not vest until the return of survey into the surveyor general’s office, unless the owner of the adverse title had notice of the survey prior to the commencement of his right. And so have been the different adjudications, that I know of.
Verdict, pro quer.